Hon. Arthur Cooperman Chairman New York State Workers' Compensation Board
This is in response to the request made by your General Counsel, Martin Minkowitz, as to the legal authority of the Chairman of the Workers' Compensation Board upon a physician's failure to reregister with the Board within a specified time, to deem abandoned that physician's authorization to render medical care to injured workers who are compensation claimants.
You note in your letter that the Workers' Compensation Law, § 13-b
provides that the Chairman of the Board may authorize physicians licensed to practice medicine in the State of New York to render medical care to compensation claimants.
You also note that section 13-d of that law provides in subdivision 2, paragraph f that the Chairman shall remove from the list of physicians authorized to render medical care to compensation claimants, the name of any physician who has refused, inter alia, to answer upon request of the Chairman any legal question or to produce any relevant paper concerning his conduct under any authorization granted to him under the Workers' Compensation Law.
In the Official Compilation, Codes, Rules and Regulations, we find in Volume 12, Part 300, chapter V, subchapter c, subpart 325-2, section 325-2.1, a rule which reads as follows:
 "Carriers not to supply names of authorized physicians. The supplying of names of authorized physicians by insurance carriers to their policyholders is in contravention to section 13 of the Workmen's [sic] Compensation Law. Such policyholders and all employers may secure a list of all authorized physicians in the vicinity of their places of business by applying to the chairman."
You state in your letter that the Chairman proposes to reregister all currently authorized physicians in order to update the Board's medical registration records. Such reregistration will also insure that the Board's list of authorized physicians correctly reflects not only the availability of a physician to treat compensation claimants but also the current location of a physician's office. To effectuate reregistration, the Chairman intends to send information cards to all currently authorized physicians with a request that the cards be completed and returned within a specific time limitation, with an admonition to each addressee that failure to comply and respond will be deemed an abandonment of authorization to render medical care to compensation claimants.
In our opinion, the statutory provisions referred to herein and the rule quoted, supra, authorize the action which the Chairman proposes to take in order to update the Board's medical registration records.